UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
STEVEN SYDER,

Petitioner,

- against -

UNITED STATES OF AMERICA,

Respondent.

-------------------------------X

**MEMORANDUM AND ORDER**

17 CR 054-3
22 CIV 9896 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Following a 2018 jury trial, Steven Syder was convicted -- along with his co-defendants Jason Campbell (a/k/a "Huggie") and Sean Peter (a/k/a "Holiday," a/k/a "Fish") -- of all three counts of a January 2017 indictment, charging: (1) a conspiracy to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(D); (2) murder through the use of a firearm during and in relation to a narcotics conspiracy, in violation of 18 U.S.C. § 924(j); and (3) possession of a firearm that was discharged during and in relation to a narcotics conspiracy, in violation of 18 U.S.C. § 924(c)(1)(A)(iii).[1]

[1] The Court presumes familiarity with the facts of this case, which have been thoroughly recounted in prior opinions. See United States v. Peter, 2019 WL 2918226 (S.D.N.Y. July 8, 2019) ("Peter I"), aff'd sub nom. United States v. Campbell, 850 F. App'x 102 (2d Cir. 2021); United States v. Peter, 2022 WL 2657127 (S.D.N.Y. July 7, 2022) ("Peter II"), aff'd, 2024 WL 726883 (2d. Cir. Feb. 22, 2024); United States v. Peter, 2023 WL 4053190, at *2 (S.D.N.Y. June 16, 2023) ("Peter III").

Following their convictions, all three defendants moved pursuant to Federal Rule of Criminal Procedure 29 to set aside the verdict based on alleged insufficiency of the evidence and pursuant to Federal Rule of Criminal Procedure 33 for a new trial based on alleged trial defects. ECF Nos. 111 and 117.[2] Those motions were denied by this Court in a lengthy opinion, Peter I, 2019 WL 2918226, and defendants' convictions were affirmed by the Second Circuit, Campbell, 850 F. App'x 102. Defendants' subsequent petition for rehearing en banc was denied on July 13, 2021, and the Circuit's mandate was filed on this Court's docket on July 26, 2021. ECF No. 213.

On August 13, 2021, all defendants, pro se, submitted a second motion for a new trial based on purported "new evidence" in the form of an affidavit from Shane (a/k/a "Streets") Peter, the brother of defendant Sean Peter (a/k/a "Holiday," a/k/a "Fish"). ECF No. 182. This Court denied that motion in a separate opinion, Peter II, 2022 WL 2657127, at *5. Syder's appeal from the denial was dismissed on April 19, 2023, and the Circuit's mandate was filed on this Court's docket on May 30, 2023. ECF No. 212.

On November 10, 2022, Syder, pro se, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 198; Dkt. 22-cv-9896, ECF No. 1. In that motion, Syder contended that: (1) the Government violated its obligations under

[2] Unless otherwise specified, all citations are to Dkt. 17-cr-54.

Brady v. Maryland when it knowingly withheld information about exculpatory statements made by an individual identified only as "Calvin"; (2) his two lawyers[3] were ineffective for failing to (a) properly investigate and interview, call, and/or cross-examine certain fact witnesses, (b) present an alternative theory as to why the shooting happened, and (c) challenge the testimony of Julian Martinez ("Martinez"), a Government witness; (3) the Government engaged in prosecutorial misconduct by offering fabricated testimony at trial and failing to interview certain witnesses; and (4) the evidence presented at trial was insufficient to sustain Syder's conviction. ECF Nos. 198, 203, 204, and 221.

In a 30-page opinion, the Court (1) concluded that Syder's motion was time-barred because it was filed after the expiration of the one-year statute of limitations set forth in § 2255(f)(1), Syder, 2023 WL 5935689, at *5–7, and (2) nevertheless reached Syder's arguments and concluded that each was without merit, id. at *7–12.

As relevant to the instant motion, the Court concluded that Syder's Brady and ineffective-assistance-of-counsel arguments

[3] Andrew G. Patel was appointed to represent Syder pursuant to the Criminal Justice Act. See ECF No. 12. Syder was also represented by Donald Joseph Yanella III as learned counsel while the Government decided whether to seek the death penalty. See ECF No. 15. Although the Government chose not to seek the death penalty, see ECF No. 49, the Court permitted both lawyers to continue their representation of Syder throughout the remainder of the action, including during trial. We also note that Benjamin Adam Silverman appeared as Mr. Patel's associate counsel. See ECF No. 23. In total, the three defendants in this case were represented by six lawyers, three of whom were members of the Southern District of New York's Capital Panel.

could be rejected without an evidentiary hearing and that his actual innocence argument was procedurally foreclosed and meritless. First, the Court concluded that Syder's Brady claim failed because Syder provided no evidence that the allegedly exculpating witness -- a man referred to only as "Calvin" -- even existed or was ever interviewed by the government, and there was thus "no evidence that the Government even possessed information that could have been withheld, much less actually withheld such information." Id. at *7.[4]

Next, the Court explained that Syder failed to establish ineffective assistance of counsel for failing to interview and/or call certain alleged witnesses. The Court found that Syder's uncorroborated assertions that two of the alleged witnesses existed, would have testified as Syder claimed, and would have undermined confidence in the jury's verdict were legally insufficient to "overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or that the conduct was prejudicial." Id. at *8 (quoting Orbach v. United States, 2017 WL 5632815, at *6 (S.D.N.Y.

[4] The Court further concluded that Syder's Brady claim failed because, "even assuming, arguendo, that Calvin exists, his alleged information is true, and the Government withheld it," Syder raised no "'reasonable probability' that the result at trial 'would have been different' had the Government disclosed Calvin's information." Id. at *7 (quoting Lamberti v. United States, 22 F. Supp. 2d 60, 67 (S.D.N.Y. 1998), aff'd sub nom. Badalamenti v. United States, 201 F.3d 430 (2d Cir. 1999). Syder's conviction, the Court explained, did not depend on the information that the mysterious Calvin allegedly could have rebutted. Id.

Nov. 7, 2017) (internal citations and quotations omitted); and then citing United States v. Vargas, 920 F.2d 167, 169–70 (2d Cir. 1990) (finding conclusory speculation that one or more individuals would have testified for the defense insufficient to establish ineffective assistance); and then citing Krasniqi v. United States, 195 F. Supp. 3d 621, 634 (S.D.N.Y. 2016) (finding that "[w]ithout affidavits from ... [the proposed] witnesses, the [defendants'] self-serving, uncorroborated and improbable assertions are insufficient to establish that their attorneys provided ineffective assistance")). As to the witnesses from whom Syder did provide supporting affidavits, the Court concluded, even assuming the potential testimony was real, that it was reasonable for Syder's counsel to conclude that testimony was irrelevant because the content of the affidavits did not challenge "Syder's 'key role in [the victim's] murder' as demonstrated by" the evidence at trial. Id. at *9 (quoting Campbell, 850 F. App'x at 106). Finally, as to Syder's claim that his counsel was ineffective for declining to cross-examine a certain witness about allegedly exculpatory testimony, the Court concluded that it was "objectively reasonable for counsel to conclude that there was nothing to gain" and that Syder's counsel directly addressed -- and attempted to use to Syder's benefit -- the witness's supposedly exculpatory testimony in his summation without risking damaging answers on cross-examination. Id.

Next, the Court rejected Syder's argument of "actual innocence" because, as the Second Circuit affirmed, the evidence adduced at trial provided "'a sufficient basis for the jury to rationally find that [Syder]' was guilty of the charged offenses." See id. at *11 (quoting Campbell, 850 F. App'x at 106-07). The Court further held that Syder's assertion that the Government presented insufficient evidence at trial was foreclosed because it was "comprehensively addressed -- and rejected -- by the Second Circuit on direct appeal," and a § 2255 petitioner "'may not . . . relitigate questions which were raised and considered on direct appeal.'" Id. (quoting United States v. Becker, 502 F.3d 122, 127 (2d Cir. 2007)); and then citing United States v. Pitcher, 559 F.3d 120, 123 (2d Cir. 2009); and then citing Mui v. United States, 614 F.3d 50, 55 (2d Cir. 2010)).

In conclusion, the Court explained that the "record is conclusive that Syder is not entitled to relief on any theory presented to this Court, and accordingly, the Court denies the Petition without holding an evidentiary hearing." Id. at *12 & n.22 (citing § 2255(b)).

Before the Court is Syder's fourth attempt to relitigate his conviction. Syder filed a "Rule 60(b) motion" dated September 9, 2024, and received by the Court on September 18, 2024; the motion was docketed on the civil docket as "LETTER from Steven T. Syder dated 9/18/2024 re: RULE 60(b) MOTION." Dkt. 22-cv-9896, ECF No.

16 (the "Motion" or "Mot."). Syder later filed a "Rule 60(b) Motion Supplement" on September 28, 2025, which was received by the Court on August 7, 2025. Dkt. 17-cr-54, ECF No. 227; Dkt. 22-cv-9896, ECF No. 18. On July 8, 2026, Syder wrote to the Clerk of Court and requested that the Clerk "correct the docket entry to reflect that the filing on 9/18/24 was in fact of [sic] a Rule 60(b) Motion." Dkt. 17-cr-54, ECF No. 233; Dkt. 22-cv-9896, ECF No. 19. On July 19, 2026, Syder filed a "Motion to Correct Clerical Error and for Review of 60(b) Motion." Dkt. 17-cr-54, ECF No. 234; Dkt. 22-cv-9896, ECF No. 20.

The Court was not aware until recently of the instant Motion, which escaped notice due to the confusion of the aforementioned filings, the successive appeals, and the logistics of the filing of Syder's pro se motions on the separate criminal and civil dockets. Because of that lack of awareness, there was confusion as to the relief requested by Syder's myriad filings, which was reflected in the Court's letter dated September 5, 2025, which stated, "The Court is in receipt of your letter of August 7, 2025 requesting to supplement your earlier filed Rule 60(b) motion. As I assume you are aware, the Second Circuit affirmed this Court's denial of your [§ 2255] motion on April 18, 2024. See Syder v. United States, Dkt. 23-7846. Accordingly, there is no pending motion for you to supplement." ECF No. 228.

Regardless of how Syder's submissions are styled, the instant Motion advances the same arguments that the Court analyzed and rejected in Syder. Specifically, Syder claims he is "entitled to relief from judgment" due to "(1)the District Court's failure to address his actual innocence claim (2)the District Court's denial of his ineffective assistance of counsel claim without holding an evidentiary hearing, and (3)the District Court's denial of his Brady claim without holding an evidentiary hearing." Mot. at 1. Syder's "Rule 60(b)Motion Supplement," filed nearly two years after the denial of his habeas petition, advances the same substantive arguments but adds additional authority and argument. ECF No. 227. Syder's "Motion to Correct Clerical Error and for Review of 60(b) Motion" argues that (1) the Court should construe his September 2024 filing as a Rule 60(B) motion; (2) appellate affirmance of the denial of his § 2255 motion does not divest the court of jurisdiction to hear his Rule 60(b) motion; (3) the "prison mailbox rule" controls the filing date; (4) Syder's Rule 60(b) motion was timely because he handed the filing to prison staff on September 10 -- 364 days after his habeas petition was denied, and (5) his motion "should be treated as a true Rule 60(b) motion rather than as a second or successive motion under 28 U.S.C. 2255." ECF No. 234.

While this Motion was pending, Syder made yet another attempt -- his fifth -- to obtain relief from his conviction. On May 4,

2026, Syder petitioned the Second Circuit for leave to file a successive motion under § 2255, this time based on an argument that his conviction violated double jeopardy. Dkt. 26-1215, ECF No. 2. The Circuit denied Syder's motion on July 21, 2026, Dkt. 26-1215, ECF No. 10, and the Circuit's mandate was filed on this Court's docket on September 16, Dkt. 22-cv-9896, ECF No. 21.

On review of Syder's Motion and related filings, the Motion is denied for the reasons that follow.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 60(b) provides "grounds on which a court, in its discretion, can rescind or amend a final judgment or order." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Rule 60(b)(6) is "a catch-all provision that is properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses

(1)-(5) of the Rule." Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc., 970 F.3d 133, 143 (2d Cir. 2020) (citations and internal quotation marks omitted).

The granting of a Rule 60(b) motion on any ground is considered "extraordinary judicial relief" and thus requires "a showing of exceptional circumstances." Nemaizer, 793 F.2d at 61. Where a Rule 60(b) motion "seeks only to relitigate issues already decided," the motion is properly denied. Maldonado v. Loc. 803 Int'l Bhd. of Teamsters Health & Welfare Fund, 490 F. App'x 405, 406 (2d Cir. 2013).

**DISCUSSION**

While Syder does not specify which subpart of Rule 60(b) he is relying on, since none of Syder's grounds can be found in clauses (1)-(5), the Court construes Syder's motion as one under Rule 60(b)(6). Further, because Syder proceeds pro se, the Court construes each argument liberally, Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam), and reads his submissions "to raise the strongest arguments they suggest," Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007) (citations and internal quotation marks omitted).

Initially, the Court observes that each of Syder's arguments was considered and rejected in Syder. In Syder, the Court comprehensively evaluated each of Syder's § 2255 arguments and concluded, as relevant here, that Syder could not establish actual

innocence and that Syder's Brady and ineffective-assistance-of-counsel claims could be rejected without the need for an evidentiary hearing. 2023 WL 5935689, at *7-12. Accordingly, each of Syder's arguments are transparent attempts to relitigate issues this Court has already decided and thus cannot support a Rule 60(b) motion. See Maldonado, 490 F. App'x at 406; Nemaizer, 793 F.2d at 61 (Rule 60(b) "may not be used as a substitute for a timely appeal").

However, for the sake of completeness, the Court will again endeavor to explain why Syder is not entitled to relief. First, Syder's contention that the Court failed to address his actual-innocence argument is patently false. The Court analyzed Syder's argument, explained the relevant caselaw, and concluded that "Syder cannot make a showing of actual innocence." Syder, 2023 WL 5935689, at *11. The Court further explained that Syder's insufficient-evidence argument -- to the extent Syder now attempts to re-frame this argument as one of actual innocence -- was procedurally foreclosed because it was considered and rejected on the direct appeal from his conviction. Id. Thus, contrary to Syder's unsupported and barebones allegations in his Motion, the Court did not overlook or fail to consider any of his arguments or evidence.

As to Syder's second and third arguments, the Court was not required to hold an evidentiary hearing on Syder's Brady or

ineffective-assistance-of-counsel claims. To warrant a hearing, a § 2255 motion "must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle him to relief." Gonzalez v. United States, 722 F.3d 118 (2d Cir. 2013) (citations omitted). Specifically for Brady claims, "[i]n the absence of a proffer by [the defendant] of any nonspeculative basis for inferring that . . . the government had not made available to him all pertinent material in its possession, it was well within the discretion of the court to conclude that no evidentiary hearing was necessary." See Syder, 2023 WL 5935689, at *7 (quoting United States v. Avellino, 136 F.3d 249, 261 (2d Cir. 1998)). Further, to warrant a hearing on an ineffective-assistance-of-counsel claim, "the defendant need establish . . . that he has a 'plausible' claim of ineffective assistance of counsel." Puglisi v. United States, 586 F.3d 209, 213 (2d Cir. 2009).

In Syder, the Court analyzed each of Syder's arguments in detail and concluded that he could not establish a Brady violation or ineffective assistance of counsel. Syder, 2023 WL 5935689, at *7–10. In response to Syder's Brady arguments, as explained above, the Court concluded that "there is no evidence that the Government even possessed information that could have been withheld, much less actually withheld such information." Id. at *7. The Court further concluded that the information, even if it existed as Syder

alleged, would not have undermined Syder's conviction, which was based on other evidence. Id. In response to Syder's ineffective-assistance claims, as explained above, the Court concluded that Syder's arguments were either without any factual support or had no legal merit. Id. at *8–10. Thus, there were no factual disputes that would necessitate an evidentiary hearing. In sum, the Court concluded:

> The existing record is conclusive that Syder is not entitled to relief on any theory presented to this Court, and accordingly, the Court denies the Petition without holding an evidentiary hearing. See 28 U.S.C. § 2255(b) (the Court need not hold an evidentiary hearing on a habeas petition if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief").

Syder, 2023 WL 5935689, at *12 & n.22. None of Syder's authorities -- which stand only for the unremarkable proposition that evidentiary hearings may be necessary to resolve factual disputes -- are to the contrary. Accordingly, the Court acted well within its discretion in rejecting Syder's arguments without an evidentiary hearing.

In sum, Syder's Motion fails to establish "exceptional circumstances" that would justify "extraordinary judicial relief." Nemaizer, 793 F.2d at 61; Ackermann v. United States, 340 U.S. 193, 199-202 (1950). Despite the myriad of post-trial motions, Syder has provided no reason to set aside his conviction.

**CONCLUSION**

For the foregoing reasons, Syder's Motion is denied. The Clerk of the Court is respectfully directed to terminate the motions pending at Dkt. 17-cr-54, ECF Nos. 227 and 234 and at Dkt. 22-cv-9896, ECF Nos. 18 and 20.

**SO ORDERED.**

Dated: New York, New York
October 27, 2026

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE